# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DEWAYNE ROBERTS,**
**Claimant Below, Petitioner**

**vs.)     No. 22-ICA-51**          (JCN: 2020024252)
                                    (BOR: 2057900)

**DANIEL WATSON MASONRY, LLC,**
**Employer Below, Respondent**

**FILED**
**November 18, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Dewayne Roberts appeals the July 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Daniel Watson Masonry, LLC filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in affirming the January 13, 2022, order of the Workers Compensation Office of Judges ("OOJ") which affirmed the claim administrator's August 12, 2020, order holding the claim compensable for lumbar sprain, but finding that Mr. Roberts' preexisting chronic back pain, lumbago, sciatica, spinal stenosis, and any/all degenerative conditions associated with chronic back pain were not compensable.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' briefs, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these

---

[1] Petitioner is represented by Wendle D. Cook, Esq. Respondent is represented by Jeffrey B. Brannon, Esq.

[2] Mr. Roberts' brief alleges only that the OOJ erred in affirming the claim administrator's order and makes no allegations of error concerning the Board or its order of affirmance. Mr. Roberts' brief is also not in compliance with the requirements of West Virginia Rule of Appellate Procedure 10(c) pertaining to organization of the brief and citation to the appendix record. The Supreme Court of Appeals of West Virginia has observed that Rule 10 is designed to "help lawyers file clear, concise, and organized briefs." *Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 502, 859 S.E.2d 438, 445 (2021). The Court will liberally construe briefs in determining issues presented for review pursuant to *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), however counsel is reminded that "a lawyer has a duty to plead and prove his case in accordance with established court rules." *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995).

1

reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Roberts, a stone mason, alleges he hurt his lower back, right hip, and right leg on November 21, 2019, while carrying a bag of mortar weighing around 75-100 pounds over his shoulder, as he was working for Daniel Watson Masonry laying stone at a job site in Martinsburg, West Virginia. A load of large boulders was on the ground where he was working. Near the end of Mr. Roberts' shift, as he stepped on one of the boulders, it rotated, causing him to slip and twist his back. He experienced immediate pain and had difficulty using his right leg. He was unable to drive that evening, so a co-worker drove him to his home in Madison, West Virginia.

The next day Mr. Roberts presented at Boone Memorial Hospital's emergency department and reported acute pain in his right lower back going down his right leg and into his knee. He stated he had been having the same symptoms for the past four weeks, and that he had been at the same ER two weeks prior and had x-rays and was given corticosteroids, but that his symptoms had not improved. Mr. Roberts reported that he lifts heavy objects as part of his job and has chronic back problems, which had been much worse in the past three weeks. He had continued to work but was having difficulty doing his job. He described his pain as throbbing and an eight out of ten on the pain scale. He did not mention the injury of November 21, 2019. CT scans were performed, and he was diagnosed with lumbago with sciatica on the right side and spinal stenosis in the lumbosacral region and given a referral to neurology and for an MRI. Mr. Roberts was ordered not to return to work for three weeks, or until December 16, 2019.

On the physician portion of the workers' compensation application form, Mr. Roberts' physician indicated that Mr. Roberts sustained an occupational injury to his back, specifically lumbago, sciatica, and spinal stenosis, and that he aggravated a prior injury. Mr. Roberts underwent an MRI on December 5, 2019, and was seen by a neurosurgeon who observed that he was suffering from right sided radiculopathy subsequent to disc bulging and disc herniation in his lumbar spine. Mr. Roberts received a transforaminal epidural steroid injection on January 3, 2020, to treat those issues.[3]

On August 12, 2020, the claim administrator issued an order approving Mr. Roberts' application for benefits. The claim was held compensable for a lumbar sprain and Mr. Roberts was granted temporary total disability ("TTD") benefits for November 22, 2019, to December 15, 2019, the dates that Mr. Roberts was ordered to remain off work by the ER physician. Mr. Roberts protested this order on the grounds that it did not include additional diagnoses and treatments he received, and also that his TTD benefits should have been extended.

---

[3] Mr. Roberts' brief also alleges that he had surgery to repair his herniated disc, but no corroborating documents are included in his appendix record.

A hearing was held before the OOJ on November 30, 2020. Mr. Roberts testified at the hearing that before the November 21, 2019, injury he did not have prior issues with his back other than some aches and pains and had never received medical treatment prior to those treatments related to this injury. An Age of Injury Analysis of Mr. Roberts' December 5, 2019, MRI of the lumbar spine was prepared by Kenneth Fortgang, M.D., a board-certified radiologist, and submitted into the record. Dr. Fortgang's report concluded that the MRI showed certain lumbar disc herniation, protrusion, and bulging, with desiccation, spondylosis, and facet arthropathic changes, which are all clear markers for chronicity. The findings were all considered chronic, and no acute abnormalities were identified. The OOJ affirmed the claim administrator's order on the grounds that while the lumbar sprain was a compensable condition, the chronic back pain, lumbago, sciatica, and spinal stenosis were degenerative conditions that preexisted the occupational injury of November 21, 2019. The OOJ noted that any aggravation of a preexisting condition is not compensable pursuant to *Gill v. City of Charleston,* 236 W. Va. 737, 783 S.E.2d 857 (2016). The *Gill* Court held:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id*. at syl. pt. 3. The OOJ found that, based on a preponderance of the evidence, it is more likely than not that Mr. Roberts did not sustain any discrete new injury other than a lumbar sprain on November 21, 2019, and that he did not present evidence of continued TTD for the compensable sprain beyond December 15, 2019. The Board affirmed the OOJ's decision and Mr. Roberts appeals herein.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

3

> (2)    In excess of the statutory authority or jurisdiction of the Board of Review;
>
> (3)    Made upon unlawful procedures;
>
> (4)    Affected by other error of law;
>
> (5)    Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (6)    Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Roberts argues that the OOJ's decision was clearly wrong and should be reversed because the uncontested and uncontradicted evidence shows that he suffered a new and discrete injury when he sustained a herniated disc. Mr. Roberts argues that because he had never been diagnosed with or experienced the symptoms of a herniated disc before, it was a new injury.

However, upon review, this Court finds no error or abuse of discretion in the Board's affirmance of the January 13, 2022, decision of the OOJ. Medical records were submitted which indicated that Mr. Roberts had a history of chronic back pain which was much worse in the three weeks prior to the November 21, 2019, incident. Medical records indicate that he sought treatment just a month prior to the November 21, 2019, incident for substantially similar symptoms and was prescribed corticosteroids. When Mr. Roberts presented for treatment on November 22, 2019, he did not mention the November 21, 2019, incident. His physician, on the workers' compensation report of injury, noted that Mr. Roberts had preexisting back problems and that this injury had aggravated those issues. The MRI taken on December 5, 2019, showed no acute injuries but only chronic issues, including the disc herniation, disc protrusion, and mild disc bulging. That finding was supported by Dr. Fortgang's age of injury analysis, which Mr. Roberts did not refute. Based on the foregoing, we find that Mr. Roberts has failed to demonstrate that the Board was clearly wrong in its affirmance of the OOJ's January 13, 2022, decision to affirm the August 12, 2020, order of the claim administrator.[4]

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 18, 2022

---

[4] Although the OOJ's decision did not include an explicit analysis under *Moore v. ICG Tygart Valley, Inc.*, No. 20-0028, -- W. Va. --, -- S.E.2d --, 2022 WL 1262269 (W. Va. Apr. 28, 2022), the record is clear that Mr. Roberts' pre-existing condition was not asymptomatic before the November 21, 2019 incident, particularly in light of the fact that he complained of increased lower back pain and sought and received treatment within a month of the incident at issue.

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen